# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:95-CR-292 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| JENNIFER J. ROBERTS, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the motion of defendant Jennifer J. Roberts ("Roberts") to seal all records relating to her conviction for bank fraud (Doc. No. 23 ["Mot"]). The United States of America (the "government") opposes the motion (Doc. No. 25 ["Opp'n"]). For the reasons set forth herein, the motion is DENIED.

## I. BACKGROUND

On July 8, 1995, Roberts was charged in a one count indictment with bank fraud, in violation of 18 U.S.C. § 1344. (Doc. No. 1 (Indictment).) Pursuant to a plea agreement, Roberts pled guilty to the indictment and was sentenced to a term of imprisonment of one day, with five years of supervised release. (Doc. No. 18 (Judgment).) She was also ordered to pay $5,600 in restitution. (*Id.*)

Now, approximately 18 years after completion of her supervised release, Roberts moves

this Court to seal records pursuant to § 2953.32 of the Ohio Revised Code. (Mot. at 2.[1]) In the affidavit offered in support of her motion, she avers that she "successfully completed [her] sentence," "paid all fines and costs[,]" and has "remained a good citizen" who has been "sufficiently rehabilitated[.]" (*Id.*, Affidavit of Jennifer Jenice Roberts, ¶¶ 4, 6, 8.)

## II. DISCUSSION

Initially, it should be noted that the state statute under which Roberts seeks relief—Ohio Rev. Code § 2953.32—governs proceedings in state court and is not applicable to judgments (like the judgment issued against Roberts) rendered in federal court. Accordingly, the Court must first find that it has authority to provide the requested relief under either a federal statute or the narrow doctrine of ancillary jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). Federal courts are courts of limited jurisdiction and may not expand their jurisdictional authority beyond that which is granted to them by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (citations omitted). The party moving to seal has the burden of establishing a federal court's jurisdiction. *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

Certain statutes explicitly permit the sealing or expunging of criminal records under limited circumstances. *Lucido*, 612 F.3d at 874. For instance, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) grant courts the power to expunge convictions for certain violations of the Controlled Substances Act. *Id.* Other statutes, such as 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132) and 10 U.S.C. § 1565(e), authorize the Director of the Federal Bureau of Investigation

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

and the Secretary of Defense, respectively, to expunge certain DNA records. *Id.* None of these statutes apply to the instant case, and there is no federal statute that supplies district courts with the general authority to seal valid criminal convictions. *See United States v. Welch*, No. 1:05–CR–158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other means by which this Court may entertain Robert's request to seal is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court had subject-matter jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014). Courts may assert ancillary jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent when doing so would permit disposition of those claims by a single court. *Kokkonen*, 511 U.S. at 379 (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380 (citations omitted). The power to expunge or seal a conviction may only be exercised if doing so would serve the second purpose. *United States v. Smith*, No. 1:05–CR–286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental" or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *Field*, 756 F.3d at 914.

A district court's ancillary expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996) (unpublished opinion) (quotation marks

and citation omitted). In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions, but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916; *see, e.g., United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, in order to expunge or seal a conviction under ancillary jurisdiction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Roberts has not raised a constitutional challenge to the Court's judgment. For that reason alone, the motion to seal must be denied. Furthermore, entertaining Roberts' motion to seal an approximately 23 year-old conviction would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Sealing a conviction decades after the closing of the case does not manage the original case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874–75 (finding that the court had no authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). There is no reason this Court may now assert jurisdiction over Roberts' motion decades after the entry of the final judgment of the original case. Consequently, this Court does not have ancillary jurisdiction to entertain Roberts' motion to seal her valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged.") (collecting cases).

While this Court commends Roberts for remaining a "good citizen" and becoming "sufficiently rehabilitated," these are equitable considerations that cannot invoke ancillary

jurisdiction. *See Field*, 756 F.3d at 916; *see, e.g., United States v. Tippie*, No. 3:08CR288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013). Roberts' conviction was and remains valid, and the Court may not now invoke ancillary jurisdiction to entertain her motion. Therefore, because this Court lacks jurisdiction, Roberts' motion must be denied.

### III. CONCLUSION

For the foregoing reasons, Roberts' motion to seal is DENIED.

**IT IS SO ORDERED**.

Dated: November 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**